UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAMMY TERPENING,

                         Plaintiff,

v.                                       1:21-CV-1215
                                                   (GTS/CFH)

ANTHONY McGINTY, in his judicial and
individual capacities,

                         Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

TAMMY TERPENING
  Plaintiff, *Pro Se*
17 Blair Road, Apt. 6
Kerhonkson, New York 12446

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Tammy Terpening ("Plaintiff") against Anthony McGinty ("Defendant"), is United States Magistrate Judge Christian F. Hummel's Report-Recommendations recommending that Plaintiff's claims against Defendant in his individual and judicial (or official) capacities pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII") be dismissed with prejudice (and without prior leave to amend), that Plaintiff's claim against Defendant in his individual capacity pursuant to the Americans with Disabilities Act ("ADA") also be dismissed with prejudice (and without prior leave to amend), and that Plaintiff's claim against Defendant in his judicial (or official) capacity pursuant to the ADA be dismissed without prejudice. (Dkt. No. 6.) Plaintiff has not

filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court would add only the following analysis.

Before the issuance of the Report-Recommendation, Plaintiff filed a motion to appoint counsel and to receive access to the Court's electronic case filing system. (Dkt. No. 4.) In addition, after the expiration of the deadline by which to file an Objection to the Report-Recommendation, Plaintiff filed a second motion to appoint counsel. (Dkt. No. 7.)

Plaintiff's two motions to appoint counsel are not accompanied by documentation that substantiates her efforts to obtain counsel from the public and private sector. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989). Moreover, because Defendant has not yet appeared and answered, the Court is unable to determine, as a threshold matter, whether Plaintiff's claims are likely to be

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

of substance.  *Terminate Control Corp.*, 28 F.3d at 1341.  Furthermore, even if the Court were to assume that Plaintiff's claims are likely to be of substance, the relevant factors would, and do, weigh decidedly against the granting of Plaintiff's motions at this time: (a) it appears as though, to date, Plaintiff has been able to effectively litigate this action *pro se*, (b) at this point, it appears that the case does not present issues that are novel or more complex than those raised in most *pro se* civil rights actions, (c) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial (as is the case in many civil rights actions brought by *pro se* litigants), it is highly probable that this Court will appoint trial counsel at the final pretrial conference (should this case survive the filing of any dispositive motions), and (d) the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.  *Id.*; *Hodge*, 802 F.2d at 61.  For all of these reasons, Plaintiff's two motions to appoint counsel are denied without prejudice.

Finally, Plaintiff has not sufficiently shown cause for the receipt of access to the Court's electronic case filing system. For this reason, the motion to receive such access is denied without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Hummel's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims under 42 U.S.C. § 1983 and Title VII against Defendant in his individual and judicial (or official) capacities, and Plaintiff's claim under the ADA against Defendant in his individual capacity, are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's claim under the ADA against Defendant in his judicial (or official) capacity **shall be DISMISSED with prejudice** and without further Order of this Court **UNLESS**, **within THIRTY (30) DAYS** from the issuance of this Decision and Order, Plaintiff files an **Amended Complaint** curing the pleading defects in that claim identified in the Report-Recommendation; and it is further

**ORDERED** that, should Plaintiff file such an Amended Complaint, the Amended Complaint must be a complete pleading that supersedes and replaces his original Complaint in all respects and does not incorporate by reference any portion of that original Complaint; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint in this action, the Amended Complaint shall be automatically referred to Magistrate Judge Hummel for review pursuant to 28 U.S.C. § 1915(e).

**ORDERED** that Plaintiff's motion to appoint counsel and for access to electronic filing (Dkt. No. 4) is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff's second motion to appoint counsel (Dkt. No. 7) is **DENIED without prejudice**.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: June 13, 2022
      Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
Chief U.S. District Judge