UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAMMY TERPENING,

                        Plaintiff,

v.                                                 1:21-CV-1215
                                                         (GTS/CFH)

ANTHONY McGINTY, in both judicial and
individual capacity,

                        Defendant.
_____

APPEARANCES:

TAMMY TERPENING
  Plaintiff, *Pro Se*
17 Blair Road, Apt. 6
Kerhonkson, New York 12446

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by Tammy Terpening ("Plaintiff") against Anthony McGinty ("Defendant"), is United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that certain of the claims asserted in Plaintiff's Amended Complaint be dismissed with prejudice, and that the remainder of those claims be dismissed without prejudice and with leave to amend. (Dkt. No. 10.) Plaintiff has not filed an objection to the Report-Recommendation, and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

      After carefully reviewing the relevant filings in this action, the Court finds no error in the

Report-Recommendation, clear or otherwise:[1] Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 10) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that the following claims asserted in Plaintiff's Amended Complaint (Dkt. No. 9) are **DISMISSED** **with prejudice**:

    (1)    any claims under 18 U.S.C. §§ 241 and 242,

    (2)    any claims under 42 U.S.C. § 12301(3)(5)(7)(A)(B),

    (3)    any claims under 42 U.S.C. § 12182, and

    (4)    any claim for "tortious interference with parental rights under common law"; and it is further

**ORDERED** that the remaining claims asserted in Plaintiff's Amended Complaint (Dkt. No. 9)–specifically, her claim under 42 U.S.C. § 1985 against Defendant in his individual and official capacities seeking declaratory and injunctive relief, and her claims under the Americans with Disabilities Act against Defendant in his official capacity seeking injunctive relief–**shall be**

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**DISMISSED** **with prejudice** and without further order of the Court **UNLESS, within THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files a Second Amended Complaint curing the pleading defects in those claims identified in the Report-Recommendation; and it is further

**ORDERED** that, should Plaintiff file a Second Amended Complaint, the Second Amended Complaint must be a complete pleading that supersedes and replaces the Amended Complaint in all respects and does not incorporate by reference any portion of the Amended Complaint; and it is further

**ORDERED** that, should Plaintiff file a Second Amended Complaint, the Second Amended Complaint will be referred to Magistrate Judge Hummel for further review pursuant to 28 U.S.C. § 1915(e).

Dated: December 5, 2022
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge